IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRYANT KEITH MCARTHUR,       *
        Plaintiff

      v.               *   CIVIL ACTION NO. AMD-05-3266

ALBERT EARL DAVIS,         *
        Defendant

           ***

MEMORANDUM

Defendant Albert Davis ("Davis") is an Adjustment Hearing Officer ("AHO") of the Maryland Division of Corrections. According to the instant 42 U.S.C. § 1983 complaint for compensatory and punitive damages, plaintiff was an inmate representative for fellow inmate John Franklin at a February 17, 2005, adjustment hearing and was allegedly assaulted by Davis after the conclusion of the proceeding.[1] Compl. at 3 & Attachment. He claims that he suffered bruises to his left arm, a bruised right ear, and a laceration to his right shin. *Id*.

Davis has filed a motion to dismiss or, in the alternative, motion for summary judgment and plaintiff has filed a motion to oppose or in the alternative for summary judgment.[2] Paper Nos. 10 & 21. The case is ready for the court's consideration. An oral hearing is not necessary. *See* Local Rule 105.6. (D. Md. 2004). For reasons stated within, Davis's motion, treated as one for summary judgment, shall be granted.

Fed. R. Civ. P. 56(c) provides that:

---

[1]Plaintiff claims that Davis became angry after Franklin kicked a computer onto the floor. He seemingly asserts that Davis unsuccessfully attempted to assault Franklin and then redirected his anger to plaintiff. Plaintiff states that Davis pulled him by the front of his shirt across a chair, threw him up against a brick wall face first, and then hit him in the back of his head behind his right ear, and grabbed and pulled him by the right ear.

[2]Plaintiff has also filed a motion for discovery, seeking statements, audio tapes, photos, and reports. Paper No. 20. Because plaintiff has filed a responsive pleading with exhibits and because the materials sought by plaintiff would not alter the court's determination, the motion shall be denied.

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

Plaintiff's claim of excessive force requires an examination of both the subjective and objective contours of Davis's actions. *See Stanley v. Hejirika*, 134 F.3d 629, 634 (4th Cir. 1998); *Williams v. Benjamin*, 77 F.3d 756, 760 (4th Cir. 1996). The core judicial inquiry in analyzing the

subjective element is to review "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312 (1986)).  The objective element is analyzed to determine whether the officer's actions were harmful enough to offend contemporary standards of decency.  *Id.* at 8.  Factors which are pertinent to this inquiry include the extent of injuries suffered by the inmate, the need for the application of force, the relationship between the need for force and the amount of force used, the threat reasonably perceived by prison staff, and any efforts on the part of staff to temper the severity of their response.  *Id.* at 7; *Whitley*, 475 U.S. at 321. While the prisoner's injury need not be *significant* to violate the Eighth Amendment, something more than a *de minimis* injury is required in order to sustain an excessive force claim. *See Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) (generally, no Eighth Amendment excessive force claim exists where any injury sustained by the plaintiff is *de minimis* and the force is not of a source "repugnant to the conscience of mankind.").[3]

The following facts are presented by Davis. On February 17, 2005, he was the AHO presiding over John Franklin's adjustment hearing.  Plaintiff appeared as Franklin's representative. At the conclusion of the hearing Franklin kicked Davis's laptop computer with his right foot, causing the laptop to strike Davis in the chest before it fell to the floor.  Correctional Officer Wolfe pinned Franklin against the wall with his left arm, looked over his shoulder, and noticed that plaintiff

---

[3]When determining whether injuries suffered by an inmate at the hands of prison officers are *de minimis*, a court should consider: (1) the context in which the injuries were sustained, *i.e.,* was there a disturbance which required the use of force; (2) did the inmate seek medical care; (3) were any injuries documented in the medical records generated shortly after the incident; and (4) are the documented injuries consistent with the prisoner's allegations of excessive force or are they more consistent with the application of the amount of force necessary under the circumstances of the particular incident.  *See Taylor v. McDuffie*, 155 F.3d 479, 484 (4th Cir. 1998); *Stanley v. Hejirika*, 134 F.3d at 634; *Riley v. Dorton*, 115 F.3d 1159, 1168 (4th Cir.); and *Norman*, 25 F.3d at 1264.

was at the "contraband barrel" in the southeast corner of the room.  Wolfe heard Davis order plaintiff to move to the back wall two or three times and both Wolfe and Jones saw Davis grasp plaintiff's right ear and clothes in an attempt to pull him towards the outside wall to distance him from Franklin.  Correctional Officer Jones also attempted to keep plaintiff from any attempt to assist Franklin, who was verbally assaultive and threatening throughout the incident.  Correctional Officer Baker escorted plaintiff to a holding cell and subsequently to the medical department for an evaluation.[4]  During the escort, plaintiff indicated that he was attempting to keep Franklin away from Davis.

Davis states that plaintiff's medical examination was unremarkable. A superficial area of broken skin was found on the bottom of his right leg, with no active bleeding. There were two small slightly reddened areas on plaintiff's right arm and a superficial three inch opening on the top of plaintiff's right ear.  No other marks, bruises, bumps, or open areas were noted. The area was cleaned and a bandage was applied.  Plaintiff was also given a Tylenol.

Both Franklin and plaintiff gave statements.  Davis wrote an infraction against plaintiff for refusing his orders to move.

In his motion to oppose or for summary judgment, plaintiff reiterates the claims presented in his original complaint. He maintains that there are factual inconsistencies and contradictions between Davis's assertions and the exhibits presented to the court.  He now asserts that Davis threw him towards the wall, face first, but his face did not make contact with the wall.  Plaintiff claims that as he was leaning over the contraband barrel Davis started to pound him in the back of the head and

---

[4]According to an information report, officers responding to the "10-10" call were delayed in reaching the adjustment hearing room because they could not get through the adjacent grille area and had to reroute through the "back keys" area.

then pulled and twisted on his right ear. Plaintiff indicates that a number of statements and photographs taken and relevant to the case were not provided to him and were not introduced as exhibits by defendant.

The court concludes as a matter of law that plaintiff has failed to establish that Davis's application of force was excessive or otherwise violative of the Eighth Amendment. Inmate Franklin became physically and verbally aggressive and disruptive in the adjustment hearing room after Davis found him guilty of prison rule violations. He kicked Davis's computer off the desk and became abusive. Plaintiff has consistently maintained that he believed that Davis was going to assault Franklin and initially attempted to intervene by grabbing Franklin and pulling him away from prison staff. If plaintiff was indeed attempting to de-escalate the situation or to protect Franklin, his actions were, at best, inappropriate and unwise. Restraining force was applied against both inmates in order to subdue Franklin and to keep plaintiff apart from him.[5] Plaintiff was ordered to move to the back wall away from Franklin and, when he did not immediately move, was pulled away by Davis.[6]

While the parties may disagree as to the precise extent of force used, the record is simply not consistent with plaintiff's allegations that Davis threw him into a wall, face first, hit or "pounded" him in the head, and maliciously twisted, pulled, and grabbed his ear. Plaintiff's subjective claims of serious injury are belied by the medical record. He was seen by a prison nurse within 90 minutes

---

[5]There is no demonstration that plaintiff created the disturbance or was otherwise difficult. According to his own exhibits, however, on March 1, 2005, he was found guilty of a Rule 400 violation for disobeying Davis's direct order to move away from Franklin.

[6]Davis does not deny that he placed his hands on plaintiff, but seemingly maintains that given the circumstances of Franklin's disruptive behavior in the adjustment hearing room, plaintiff's refusal to move away from Franklin, and his perception that plaintiff was attempting to assist Franklin, the minimal force applied was necessary and resulted in, at most, *de minimis* injuries.

of the incident.  The only objective injuries noted by medical personnel involved a superficial area of broken skin on his right lower leg, two small slightly red areas on the inside of his right arm, and a superficial 3 inch opening of skin on top of his ear. Plaintiff has failed to come forward with opposition materials, including affidavit or the like, to establish that he sustained more than the injuries documented in the record.  There are no medical records which show that plaintiff's physical injuries required follow-up medical care.  The injuries are *de minimis* in nature and are not indicative of the use of excessive force.

For the above reasons, defendant's motion for summary judgment shall be granted and judgment shall be entered in favor of defendant and against plaintiff.  A separate Order follows.

Filed: May 18, 2006                                  ____/s/_____
                                                                  Andre M. Davis
                                                                  United States District Judge